UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NECTALI ROMERO-ROMERO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MINGA WOFFORD, Facility Administrator,<br><br>　　　　　Respondent. | No. 1:24-cv-00944 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 11)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>[NO CERTIFICATE OF APPEALABILITY IS REQUIRED] |

Nectali Romero-Romero is detained by the Bureau of Immigration and Customs Enforcement and proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is represented by the San Francisco Public Defender's Office.

On October 29, 2024, Respondent filed a motion to dismiss the petition. Petitioner filed an opposition on November 19, 2024. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 4, 2025, the assigned Magistrate Judge issued Findings and Recommendations to grant Respondent's motion to dismiss the petition. (Doc. 11). The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 21 days. (*Id.*). The Court advised the parties that "failure to file objections within

the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)). On February 25, 2025, Petitioner filed objections.[1] (Doc. 12). Respondent did not file objections, and the time to do so has passed.

As noted by the Magistrate Judge, Petitioner's claim that his mandatory, prolonged detention as a criminal alien pursuant to 8 U.S.C. § 1226(c) has become excessive, punitive and a denial of substantive due process, fails. For example, the case presents compelling regulatory goals in relation to detention including protection of the public and successful removal if ordered. (*See e.g.*, Doc. 11 at 8-14 citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022)). These are governmental interests that "only increase with the passage of time." *Rodriguez Diaz* at 1208; *see also United States v. Torres*, 995 F.3d 695, 708 (citing *United States v. Salerno*, 481 U.S. 739, 747 (1987)) ("A due process violation occurs when detention becomes punitive rather than regulatory, meaning there is no regulatory purpose that can rationally be assigned to the detention or the detention appears excessive in relation to its regulatory purpose."). Moreover, Petitioner has not provided authority that the presumption of punitive conditions raised by comparative carceral conditions extends to the immigration context. *See Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 649 (9th Cir. 2021) ("The record lacks evidence from which to draw any relevant comparisons between the overall conditions of confinement of ICE detainees as compared to those in criminal custody.").

Additionally, "[d]ue process does not require immigration courts consider conditional release when determining whether to continue to detain an alien under § 1226(c) as a danger to the community." *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024); *see also Espinoza v. Wofford*, 2025 WL 1556590, at *9 (E.D. Cal. June 2, 2025) (citing *Demore v. Kim*, 538 U.S. 510, 523, 528) ("[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."). In any event and for purposes of substantive due process, alternatives to detention do not obviate the regulatory purposes and goals served by detention and mitigate dangerousness given the facts and

---

[1] The Court has considered Petitioner's overlength objections and attached exhibit, and his supplemental authorities. (Docs. 12m 12-1, 12-2, 13 & 14).

circumstances of the case. *See Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)) (requiring that "the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed"). As this Court has observed "the Ninth Circuit has upheld detention that lasted forty-one months and would continue while the petitioner's petition for review was pending in the Ninth Circuit. *Espinoza*, 2025 WL 1556590, at *10 (citing *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008)).

Informing these conclusions are the procedural process afforded Petitioner in this case where he is subject to an order of removal, as well as the time required for that process to run its course. The Magistrate Judge observed Petitioner's numerous applications and petitions for agency and/or judicial relief including as related to detention, asylum, adjustment of status, and removal, and the stay of removal imposed by the Ninth Circuit. For example, Petitioner has received multiple individualized bond reviews and hearings in response to claims that his detention at and conditions of the Golden State Annex have become unreasonable and unjustified. In January 2024, the Board of Immigration Appeals affirmed the reasoned decision of an Immigration Judge that Petitioner presents a danger to the public. (*See* Doc. 8-28, IJ Bond Decision, October 11, 2022; Doc. 8-32, BIA Decision Denying Bond, January 31, 2024).

To the extent the Magistrate Judge erred by concluding the exercise of agency discretion was unreviewable for errors of law (*see* Doc. 11 at 8; Doc. 12 at 7-8; *Martinez*, 124 F.4th at 784), the Court finds Petitioner has not shown on deferential review agency error in applying BIA precedent to the unreviewable agency fact finding, including for reasons discussed by the Magistrate Judge.[2] (*See e.g.*, Doc. 11 at 11-14; *see also* Doc. 8-28; Doc. 8-32; *Martinez*, 124 F.4th at 783 (citing *In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)), *abrogated on other grounds by Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) (setting out factors an IJ may consider regarding whether an alien who seeks a change in custody status is a threat to national security, a

---

[2] Petitioner's objection that the Magistrate Judge relied upon the previously vacated decision in *Martinez v. Clark*, 36 F.4th 1219 (9th Cir. 2022), is sustained. The Findings and Recommendations are corrected to reflect the decision upon remand in that case, 124 F.4th 775 (9th Cir. 2024).

3

1  danger to the community at large, likely to abscond, or otherwise a poor bail risk, including "the
2  alien's criminal record, including the extensiveness of criminal activity, the recency of such
3  activity, and the seriousness of the offenses."). Petitioner's re-argument of his opposition to the
4  motion to dismiss, considered by the Magistrate Judge, is not persuasive. (*See* Doc. 11; Docs. 9 &
5  12 citing *Doe v. Becerra*, 723 F.Supp.3d 688 (N.D. Cal. 2024); *Torres; Salerno; Jones; Wong
6  Wing v. United States*, 163 U.S. 228 (1896)).

Finally, the Magistrate Judge concluded correctly that while Petitioner's mandatory detention might become excessive and punitive, that point has not been reached. (*See* Doc. 11 at 15 n.5). The Court observes the matter is back before the Ninth Circuit on petition for review following the BIA's January 14, 2025 denial of Petitioner's motion to reopen, with oral hearing set for November 17, 2025. *Romero-Romero v. Bondi*, Case No. 25-284, Doc. 37. Petitioner's mandatory detention will terminate upon conclusion of removal proceedings.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations, as corrected herein, are supported by the record and proper analysis.

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997). Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 4, 2025, (Doc. 11), as corrected herein, are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 8), is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED**.
4. The Clerk of Court is directed to enter judgment and close the case.

///
///
///

5. In the event a notice of appeal is filed, no certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **November 12, 2025**

UNITED STATES DISTRICT JUDGE